UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA,

    -v-                                                           No.  20-CR-126-LTS

JORGE GUTIERREZ,

        Defendant.

-------------------------------------------------------x

## MEMORANDUM ORDER

Defendant Jorge Gutierrez has been detained on consent since his arrest, without prejudice to a bail application, at the Metropolitan Correctional Center ("MCC"), while awaiting trial on charges of violating 21 U.S.C. § 846 by conspiring to distribute heroin, fentanyl, and crack cocaine in violation of 21 U.S.C. § 841(b)(1)(A); and possession and use of a firearm in furtherance of a federal drug trafficking crime (distributing heroin, fentanyl, and crack cocaine), in violation of 18 U.S.C. § 924(c)(1)(A)(i), (ii), (iii) and 2.  By letter, Mr. Gutierrez moves for release on conditions of bail in light of the COVID-19 health crisis.  (Docket Entry No. 51.)  The Government opposes Mr. Gutierrez's motion.  (Docket Entry No. 56.)  Mr. Gutierrez has filed a reply.  (Docket Entry No. 57.)  On April 17, 2020, the Court held a telephonic hearing on Defendant's motion.  Mr. Gutierrez, having waived his personal appearance, appeared by counsel.  The Court has considered carefully all of the written submissions and arguments, and has also reviewed Mr. Gutierrez's Pretrial Services report, dated February 21, 2020.

Because Mr. Gutierrez has been detained on consent until now, the Court must first address the threshold question of whether, under the criteria established by the Bail Reform Act of 1984, 18 U.S.C. §§ 3141–3156 (the "Bail Reform Act"), he is someone who must, absent

satisfaction of the criteria for temporary release, continue to be detained.  Section 3142(e)(1) of the statute requires that an accused be detained pending trial where, following a hearing in accordance with section 3142(f), "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."  18 U.S.C. § 3142(e)(1).  Risk of flight must be shown by a preponderance of the evidence and danger to the community must be shown by clear and convincing evidence.  The factors that a judicial officer must consider "in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community" include "the nature and circumstances of the offense charged, including whether the offense is a crime of violence" or involves a firearm; "the weight of the evidence against the person"; "the history and characteristics of the person"; and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release."  18 U.S.C. § 3142(g).  Further, because Mr. Gutierrez has been charged with "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act," there is a presumption that "no condition or combination of conditions will reasonably assure the [his] appearance . . . as required and the safety of the community."  18 U.S.C. § 3142(e)(3)(A).

   Here, Mr. Gutierrez's proffer of a bond with two sureties, home incarceration in a neighborhood removed from the area where the alleged criminal activity took place, with electronic monitoring, and strict supervision, among other conditions, is minimally sufficient to rebut the presumption of risk of flight and danger to the community.  However, the Court concludes that the Government has demonstrated by a preponderance of the evidence that no condition or combination of conditions will reasonably assure Mr. Gutierrez's appearance in

court as required, and by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community.  The Court's conclusions are based primarily on (i) the gravity of the narcotics and firearms offenses with which Mr. Gutierrez stands charged, which subject him to two potential ten-year mandatory minimum sentences that must be served consecutively; (ii) the strength of the Government's evidence against Mr. Gutierrez, which includes testimony from cooperating witnesses, a sale of fentanyl to an undercover law enforcement officer, the discovery of drugs in Mr. Gutierrez's residence and social media posts displaying large amounts of cash, apparent gang signals and an apparent reference to a weapon; (iii) Mr. Gutierrez's criminal history, which includes six arrests for drug- and weapons-related charges and a conviction in connection with a slashing; (iv) the Government's proffers, confirmed by the criminal history information included in Mr. Gutierrez's Pretrial Services report, as to Mr. Gutierrez's alleged commission of the currently charged offenses while serving multiple terms of probation and/or conditional discharge; (v) Mr. Gutierrez's prior probation violation and issues with failing to appear, and (vi) the Government's proffers regarding evidence of Mr. Gutierrez's membership in a violent gang.

   Mr. Gutierrez has not rebutted the Government's proffers concerning his risk of flight and danger to the community.  Mr. Gutierrez's attempts to minimize his criminal history and his role in the charged offenses, and his assertion that "there is no basis for concluding that he would not remain in New York to confront the instant charges," are insufficient to address his bail risk, as his unwillingness or inability to comply with court-imposed conditions is demonstrated by the Government's proffer of evidence, as noted above, that he committed this charged conduct while subject to probation conditions and that he was the subject of prior bench

warrants, one of which remains outstanding.  Under these circumstances, 18 U.S.C. § 3142(e)(1) requires the entry of an order of detention.

In the alternative to general release on conditions, Mr. Gutierrez seeks temporary release to closely monitored confinement at his uncle's home, in his uncle's custody, during the current public health emergency arising from the COVID-19 pandemic.

Under 18 U.S.C. § 3142(i), the Court has the legal authority to grant relief from an order of detention entered under 18 U.S.C. § 3142(e).  Section 3142(i) permits the temporary pretrial release of a defendant otherwise requiring detention into the custody of a U.S. marshal or other "appropriate" person where "the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason."  18 U.S.C. § 3142(i).  Courts in this District have done so in appropriate cases; indeed, in limited circumstances, a serious medical condition can constitute a "compelling reason" under this provision.  See, e.g., U.S. v. Perez, No. 19 Cr. 297 (PAE), 2020 WL 1329225, at *1 (S.D.N.Y. Mar. 19, 2020) (granting bail application of 65-year-old defendant with COPD, pursuant to 18 U.S.C. § 3142(i), in light of "unique confluence of serious health issues and other risk factors facing this defendant, . . . which place him at a substantially heightened risk of dangerous complications should [he] contract COVID-19").  Mr. Gutierrez has the burden of showing that temporary release is necessary under 3142(i).  See U.S. v. Dupree, 833 F. Supp. 2d 241, 246 (E.D.N.Y. 2011).

Mr. Gutierrez's argument regarding temporary mitigation of the risk of flight by remote family support and separation from the neighborhood in which the alleged criminal activity occurred does not address sufficiently the very serious issue of the danger he poses to the community, given his history of involvement in violent crime and the strong evidence relating to

the instant charges.  Mr. Gutierrez does not address meaningfully his prior criminal history and his repeated issues with appearing in court as required.  Supervision and policing resources are particularly strained during the current pandemic conditions, heightening the importance of protection of the community from persons and circumstances that pose documented threats.

The Court does not take lightly the elevated risk that Mr. Gutierrez's confinement poses for his own health and safety.  The current public health crisis presents an elevated risk for those who are confined, as compared to those living in situations where social distancing is more feasible and where the most effective cleaning products are more readily available.  The Bureau of Prisons ("BOP") has, however, implemented policies and consulted with appropriate experts to mitigate the risks posed by COVID-19.  The BOP's mitigation measures do not, and cannot, eliminate completely the risk of COVID-19, but these measures are calculated to mitigate the risk of infection in its inherently close quarters, for all persons in custody and BOP staff.  Although, in certain cases, the specific medical conditions of individual pretrial detainees may create risks so substantial that they reduce or outweigh the safety risks posed by temporary release of such detainees, the Court finds that, in Mr. Gutierrez's case, the danger to the community presented by Mr. Gutierrez's release outweighs substantially the generally heightened the risk of exposure to COVID-19 that he faces while in detention, particularly in light of Mr. Gutierrez's failure to identify concrete, imminent threats to his health beyond those that affect all detainees.  Mr. Gutierrez's understandable need and desire to maximize his ability to protect himself from infection do not reduce significantly the risks of community violence and flight that he presents.  The Court concludes that Mr. Gutierrez's present condition, which does not include any specific attributes that make him particularly vulnerable to COVID-19, does not provide a basis compelling enough for the Court to disregard the serious danger his release

would pose to the public, particularly in light of the Government's proffers concerning Mr. Gutierrez's involvement in gang-related drug sales involving dangerous firearms.

The Court also finds Mr. Gutierrez's argument that temporary release is warranted because he faces challenges in preparing his defense insufficient to meet the statutory standard. This case is in relatively early stages, and the next proceeding is a status conference scheduled more than two months from now, on June 25, 2020.  There is no trial, evidentiary hearing, or other substantive hearing upcoming in Mr. Gutierrez's case.  Mr. Gutierrez stresses the need for informed strategic decision making in the early phases of a case, which is an important concern. Access to attorney-client communications at MCC is, indeed, currently more limited than it would be under non-pandemic circumstances.  However, the MCC still facilitates telephone calls and email communications with counsel, and additional telephone and videoconferencing facilities are being made available.  While the Court recognizes that the limitations on attorney-client communications are problematic in that they may constrain more desirable methods of case preparation, here, given the early stages of the case and the exigencies created by the COVID-19 crisis, the Court concludes that the limitations placed on Mr. Gutierrez's access to counsel are not compelling enough to warrant temporary release under Section 3142(i).

The Court, accordingly, finds that Mr. Gutierrez has not sustained his burden of demonstrating that temporary release pursuant to 18 U.S.C. § 3142(i) is necessary or appropriate in his case.

The Court therefore grants the Government's application for detention pursuant to 18 U.S.C. § 3142(e) and denies Defendant's application for temporary release pursuant to 18 U.S.C. § 3142(i).  An order of detention will be entered.

This Order resolves Docket Entry No. 51.

SO ORDERED.

Dated: New York, New York
April 17, 2020

                                                /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                                United States District Judge